**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| WILLIAM BEVACQUA,  Plaintiff, | : : : | CIVIL CASE NO. |
| VS. | : : | |
| ACTION FOR BRIDGEPORT COMMUNITY DEVELOPMENT, INC.  Defendant. | : : : | JUNE 7, 2019 |

## COMPLAINT

### I.  PRELIMINARY STATEMENT

1. This action is brought against the defendant, Action for Bridgeport Community Development, Inc., pursuant to the Age Discrimination in Employment Act, in which the plaintiff seeks declaratory, injunctive and equitable relief, compensatory damages, and costs and attorney fees for age discrimination suffered by the plaintiff when the defendant, Action for Bridgeport Community Development, Inc., terminated the plaintiff's employment as its Executive Director on account of the plaintiff's age.

2. In addition, this action is brought against the defendant, Action for Bridgeport Community Development, Inc., pursuant to the Connecticut Fair Employment Practices Act, Section 46a-51, et seq., in which the plaintiff seeks declaratory, injunctive and equitable relief, compensatory damages, and costs and attorney fees for the age discrimination suffered by the plaintiff when the defendant, Action for Bridgeport Community Development, Inc., terminated the plaintiff's employment as its Executive Director on account of the plaintiff's age.

1

3. Further, this action is brought against the defendant, Action for Bridgeport Community Development, Inc., pursuant to the Age Discrimination in Employment Act, in which the plaintiff seeks declaratory, injunctive and equitable relief, compensatory damages, and costs and attorney fees resulting from the unlawful retaliation inflicted on the plaintiff by the defendant, Action for Bridgeport Community Development, Inc., because of the plaintiff's opposition to its age discriminatory conduct.

4. Also, this action is brought against the defendant, Action for Bridgeport Community Development, Inc., pursuant to the Connecticut Fair Employment Practices Act, in which the plaintiff seeks declaratory, injunctive and equitable relief, compensatory damages, and costs and attorney fees resulting from the unlawful retaliation inflicted on the plaintiff by the defendant, Action for Bridgeport Community Development, Inc., because of the plaintiff's opposition to its age discriminatory conduct.

## II.   JURISDICTION

5. This action arises under The Age Discrimination In Employment Act, Title 29 U.S.C. §621 et seq.

6. Moreover, the plaintiff brings this action claiming a violation of the Connecticut Fair Employment Practices Act.

7. Jurisdiction is invoked pursuant to Title 28 U.S.C. §1343(a)(3), Title 28 U.S.C. §1343(a)(4), and Title 29 U.S.C. §626(b).

8. Jurisdiction over the plaintiff's state law claim is invoked pursuant to the Court's supplemental jurisdiction.

9. All conditions precedent to jurisdiction under the Age Discrimination in Employment Act, have occurred or have been complied with in the following manner:

   a. A charge of employment discrimination on the basis of age was filed on or about June 20, 2018, with both the State of Connecticut Commission on Human Rights and Opportunities and the United States Equal Employment Opportunity Commission, which filings were within 180 days of the commission of the unlawful employment practices alleged herein;

   b. More than 60 days have passed since plaintiff filed a complaint with the United States Equal Employment Opportunity Commission charging the defendant, Action for Bridgeport Community Development, Inc., with age discrimination.

   c. On or about April 18, 2019, the United States Equal Employment Opportunity Commission issued the plaintiff a "Dismissal and Notice of Rights." (A copy of which is attached and labeled *Exhibit 1*).

   d. On or about March 27, 2019, the Connecticut Commission on Human Rights and Opportunities issued to the plaintiff a "Release of Jurisdiction." (A copy of which is attached and labeled *Exhibit 2*).

10. Declaratory, injunctive, compensatory damages, liquidated damages and equitable relief is sought pursuant to Title 28 U.S.C. §2201, §2202, and Title 29 U.S.C. §626.

11. Costs and attorney fees may be awarded pursuant to Title 29 U.S.C. §626.

## III. VENUE

12. This action also properly lies in the United States District Court for the District of Connecticut pursuant to Title 29 U.S.C. §626, because the unlawful employment practice of which the plaintiff complains was committed in this judicial district.

## IV. PARTIES

13. The plaintiff, William Bevacqua, is a citizen of the United States residing in the State of Connecticut.

14. The plaintiff's date of birth is May 11, 1930.

15. The defendant, Action for Bridgeport Community Development, Inc., is a corporation organized and existing under the laws of the State of Connecticut.

16. The defendant is a person within the meaning of Title 29 U.S.C. §630 (a).

17. The defendant is an employer within the meaning of Title 29 U.S.C. §630 (b).

18. The defendant employs in excess of twenty employees for each working day in each of twenty or more calendar weeks in the current or proceeding calendar year.

## V. FACTS

19. The plaintiff is an eighty-nine year old citizen of the United States residing in the State of Connecticut.

20. The defendant is the Action for Bridgeport Community Development, Inc., which is a non-stock corporation, organized and existing under the laws of the State of

Connecticut, with a principal place of business located at 1070 Park Avenue, Bridgeport, CT.

21. The defendant hired the plaintiff in April of 2002 as its Assistant Executive Director and Chief Operating Officer.

22. From 2002 through October 26, 2017, the plaintiff remained employed by the defendant and performed his duties and responsibilities in an exemplary manner.

23. On or about October 26, 2017, the complainant was informed by the defendant's Executive Director that the defendant's board of directors had summarily, without explanation, terminated the plaintiff's employment as its Assistant Executive Director and Chief Operating Officer.

24. Within the time limits prescribed by the Connecticut Fair Employment Practices Act and the Age Discrimination in Employment Act, the plaintiff filed age discrimination complaints against the defendant with the State of Connecticut Commission on Human Rights and Opportunities ("CHRO") and the United States Equal Employment Opportunity Commission ("EEOC") in which he alleged that he was terminated on account of his age.

25. On or about February 5, 2018, the defendant's executive director asked the plaintiff to return to his former position to correct the defendant's serious transgressions in meeting Connecticut and federal mandated performance standards.

26. Connecticut and federal authorities had threatened to withhold funding for the defendant's operations unless the violations were swiftly remedied.

27. The defendant's request to the plaintiff to oversee the defendant's remedial response to the violations of federal and state performance standards is conclusive proof that the plaintiff's initial termination was not performance based.

28. During the entire course of his employment with the defendant, the plaintiff performed his duties and responsibilities in an exemplary manner.

29. The plaintiff entered into a settlement of his pending CHRO and EEOC complaints culminating in his withdrawal of the complaints.

30. Between February 6, 2018, and April 25, 2018, the plaintiff implemented a series of corrective measures, with the approval of State and Federal monitoring authorities, to address the deficiencies in the defendant's meeting State and Federal performance standards.

31. As a result of the plaintiff's initiatives, state and federal authorities removed the "crisis" designation they had attached to the defendant's operations.

32. Under the plaintiff's management leadership, the defendant was brought into compliance with the standards mandated by the Federal and State agencies that funded and regulated defendant.

33. Between February 6, 2018, and April 25, 2018, while the plaintiff was implementing the corrective action necessary to bring the defendant into compliance with federal and state performance standards, the plaintiff also assumed a substantial part of the duties of the executive director because the health issues of the current executive director seriously limited his job capabilities.

34. Taking on the duties of executive director resulted in the plaintiff having increased interaction with the employees who had instigated the age discriminatory termination of the plaintiff on October 26, 2017.

35. On returning to his position, the employees who had instigated the age discriminatory termination of the plaintiff on October 26, 2017, including Rodney Dennis ("Dennis"), targeted the plaintiff with false allegations of deficient performance and inappropriate interpersonal conduct.

36. The employees, including Dennis, who had instigated the age discriminatory termination of the plaintiff on October 26, 2017, retaliated against the plaintiff by asserting false allegations of inappropriate conduct against him because he had opposed the age discriminatory treatment to which the plaintiff had been subjected by the defendant.

37. At the end of the staff meeting in April 2018, the plaintiff lightly tapped the shoulder area of an employee of the defendant, Dennis, in order to get his attention before he left the room where the meeting had been held.

38. Dennis falsely and outrageously claimed that the plaintiff had assaulted him.

39. Dennis thereafter filed a complaint to the defendant's board of directors at its meeting on April 25, 2018.

40. Monette Ferguson ("Ferguson"), who was the defendant's Chief Compliance Officer, dishonestly and deceitfully submitted to the defendant's board of director information in support of Dennis' false claim.

41. The plaintiff did not assault Dennis, and defendant's claim to the contrary is patently untrue and a pretext to cover up the defendant's age discriminatory and retaliatory conduct.

42. On April 25, 2018, the defendant terminated the plaintiff's employment based on the false claim that the plaintiff had assaulted Dennis.

43. The defendant knew or should have known in the exercise of reasonable diligence that Dennis' charge that the plaintiff assaulted him was untrue.

44. As a result of the plaintiff's termination, both Ferguson and Dennis were promoted: Ferguson became acting executive director and Dennis became acting assistant executive director.

45. The defendant did not have a legitimate, non-discriminatory reason to terminate the plaintiff's employment.

46. The plaintiff was fully qualified to perform the duties of the executive director position for the defendant.

47. The plaintiff performed his duties and responsibilities throughout his employment with the defendant in a most competent and capable manner.

48. The plaintiff possesses the essential qualifications for employment as the defendant's executive director.

49. The plaintiff's age was a but for cause behind the defendant's decision to terminate the plaintiff's employment as its executive director.

50. The reason advanced by the defendant for terminating the plaintiff's employment was untrue, and was a pretext to justify the termination of the plaintiff's employment on account of his age.

51. The defendant terminated the plaintiff's employment because of the plaintiff's age.

52. The plaintiff has suffered financially as a result of the discriminatory conduct of the defendant.

53. The plaintiff has suffered emotional stress as a result of the discriminatory conduct of the defendant.

54. The plaintiff's opposition to the defendant's prior age discriminatory conduct was a but for cause behind the defendant's decision to terminate the plaintiff's employment as its executive director.

55. The reason advanced by the defendant for terminating the plaintiff's employment was untrue and was a pretext to justify the termination of the plaintiff's employment on account of his opposition to the defendant's prior age discriminatory conduct.

56. The defendant terminated the plaintiff's employment because of the plaintiff's age.

57. The defendant terminated the plaintiff's employment on account of his opposition to the defendant's prior age discriminatory conduct.

58. The plaintiff has suffered financially as a result of the discriminatory and retaliatory conduct of the defendant.

59. The plaintiff has suffered emotional stress as a result of the discriminatory and retaliatory conduct of the defendant.

## VI. FIRST CAUSE OF ACTION (UNLAWFUL AGE DISCRIMINATION UNDER THE ADEA)

60-118. The plaintiff incorporates as if re-alleged paragraphs 1 through 59.

119. The defendant discriminated against the plaintiff because of his age when it terminated his employment and replaced him with a substantially younger employee, Ferguson.

120. The Age Discrimination in Employment Act explicitly prohibits discriminatory practices based on age.

121. The defendant violated the provisions of the Age Discrimination in Employment Act, when it terminated the plaintiff's employment.

122. The plaintiff is fully qualified for employment as the defendant's executive director.

123. The plaintiff suffered an adverse employment action when the defendant terminated his employment as its executive director.

124. But for the plaintiff's age, he would have remained employed as the defendant's executive director.

125. There existed no legitimate, non-discriminatory reason for the defendant to terminate the plaintiff's employment.

126. Because the plaintiff's age was the determinative factor leading to the defendant's decision to terminate the plaintiff's employment as its executive director, the

   defendant violated the provisions of the Age Discrimination and Employment Act, Title 29, U.S.C. 623(a)(1).

127. The defendant engaged in age discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under The Age Discrimination and Employment Act, Title 29 U.S.C. §623 et seq.

128. As a result of the unlawful discriminatory actions of the defendant, the plaintiff has suffered financial losses.

**VII.   SECOND CAUSE OF ACTION (VIOLATION OF CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT)**

129-187. The plaintiff incorporates as if re-alleged paragraphs 1 through 59.

188. The defendant discriminated against the plaintiff because of his age when it terminated his employment and replaced him with a substantially younger employee.

189. The Connecticut Fair Employment Practices Act explicitly prohibits discriminatory employment practices based on age.

190. The defendant violated the provisions of the Connecticut Fair Employment Practices Act Employment Practices Act, when it terminated the plaintiff's employment and replaced him with a substantially younger employee.

191. The plaintiff is fully qualified for employment as the defendant's executive director.

192. The plaintiff suffered an adverse employment action when the defendant terminated the plaintiff's employment.

193. The defendant replaced the plaintiff with a substantially younger employee, Ferguson.

194. But for the plaintiff's age, he would have retained his employment with the defendant as its executive director.

195. The defendant did not have a legitimate, non-discriminatory reason for terminating the plaintiff's employment.

196. The plaintiff was fully qualified to perform the duties of the defendant's executive director.

197. The defendant terminated the plaintiff's employment as its executive director on account of the plaintiff's age.

198. Because the plaintiff's age was a motivating factor, and a but for cause for the decision of the defendant to terminate the plaintiff's employment as its executive director, the defendant violated the provisions of the Connecticut Fair Employment Practices Act.

199. As a result of the unlawful age discriminatory actions of the defendant, the plaintiff suffered and continues to suffer emotional distress.

200. As a result of the unlawful age discriminatory actions of the defendant, the plaintiff has suffered financial losses.

VIII. **THIRD CAUSE OF ACTION (UNLAWFUL RETALIATION IN VIOLATION OF THE ADEA)**

201-259. The plaintiff incorporates as if re-alleged paragraphs 1 through 59.

260. The defendant terminated the plaintiff's employment as its executive director to retaliate against the plaintiff for opposing its age discriminatory conduct by filing

complaints with the CHRO and the EEOC in which he complained that the defendant discriminated against him on account of his age when it terminated his employment on October 26, 2017.

261. The Age Discrimination in Employment Act explicitly prohibits retaliation against an employee who opposes discriminatory conduct of the employer.

262. The defendant violated the provisions of the Age Discrimination in Employment Act, when it terminated the plaintiff's employment in retaliation for opposing the age discrimination to which he had previously been subjected by the defendant.

263. The plaintiff has suffered economic losses as a result of the retaliatory conduct of the defendant.

264. The plaintiff has suffered emotional distress as a result of the retaliatory conduct of the defendant.

IX. **FOURTH CAUSE OF ACTION (UNLAWFUL RETALIATION IN VIOLATION OF THE CONNECTICUT FAIR EMPLOYMENT PRACTICES ACT)**

265-323. The plaintiff incorporates as if re-alleged paragraphs 1 through 59.

324. The defendant terminated the plaintiff's employment as its executive director to retaliate against the plaintiff for opposing its age discriminatory conduct by filing complaints with the CHRO and the EEOC in which he complained that the defendant discriminated against him on account of his age when it terminated his employment on October 26, 2017.

325. The Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a 60 (a)(4) explicitly prohibits retaliation against an employee who opposes discriminatory conduct of the employer.

326. The defendant violated the provisions of the Connecticut Fair Employment Practices Act when it terminated the plaintiff's employment in retaliation for opposing the age discrimination to which he had previously been subjected by the defendant.

327. The plaintiff has suffered economic losses as a result of the retaliatory conduct of the defendant.

328. The plaintiff has suffered emotional distress as a result of the retaliatory conduct of the defendant.

## X.   PRAYER FOR RELIEF

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

(As to the First and Third Causes of Action)

a. Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

b. Enjoin the defendant from engaging in such conduct;

c. Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual;

d. Award plaintiff liquidated damages;

e. Award plaintiff punitive damages;

    f.  Award plaintiff costs and attorney fees; and

    g.  Grant such other and further relief as the Court may deem just and proper.

(As to the Second, and Fourth Causes of Action)

    a.  Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

    b.  Enjoin the defendant from engaging in such conduct;

    c.  Award plaintiff the equitable relief of back pay and benefits, together with prejudgment interest for the entire period as well as front salary and benefits accrual;

    d.  Award plaintiff compensatory damages;

    e.  Award plaintiff costs and attorney fees; and

    f.  Grant such other and further relief as the Court may deem just and proper.

## XI. **JURY DEMAND**

**THE PLAINTIFF REQUESTS A TRIAL BY JURY.**

THE PLAINTIFF – WILLIAM BEVACQUA

BY /s/ Thomas W. Bucci
Thomas W. Bucci
Fed. Bar #ct07805
WILLINGER, WILLINGER & BUCCI, P.C.
855 Main Street
Bridgeport, CT   06604
Tel: (203) 366-3939
Fax: (203) 337-4588
Email: thomaswbucci@outlook.com

EEOC Form 161 (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

EXHIBIT 1 (ALL-STATE LEGAL)

## DISMISSAL AND NOTICE OF RIGHTS

To: **William Bevaqua**
30 Partridge Lane
Trumbull, CT 06611

From: **Boston Area Office**
John F. Kennedy Fed Bldg
Government Ctr, Room 475
Boston, MA 02203

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2018-01509 | Amon L. Kinsey, Jr., Supervisory Investigator | (617) 565-3189 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☒ Other *(briefly state)*     **Charging Party is pursuing claims in another forum.**

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Kenneth An*     April 18, 2019

Feng K. An,
Area Office Director     *(Date Mailed)*

Enclosures(s)

cc:

ACTION FOR COMMUNITY DEVELOPMENT
1070 Park Avenue
Bridgeport, CT 06604

Thomas Bucci, Esq.
Willinger, Willinger & Bucci, P.C.
855 Main Street
Bridgeport, CT 06604

ALL-STATE LEGAL® **EXHIBIT 2**

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

William Bevacqua
**COMPLAINANT**

CHRO No. 1820564

vs.

EEOC No. 16A-2018-01509

Action for Bridgeport Community Development, Inc.
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** March 27, 2019

Tanya A. Hughes, Executive Director

Service:
**Complainant:** William Bevacqua (via email: bevacquawilliam@gmail.com)
**Complainant's Attorney:** Thomas Bucci, Esq. (via email: thomasbucci@wwblaw.com)
**Respondent's Attorney:** Elizabeth K. Acee, Esq. (via email: Elizbeth.acee@leclairryan.com)